IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS HERNDON,

       Plaintiff,

v.                                                 CIV 14-0162 KBM/RHS

BEST BUY CO., INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING REHEARING

THIS MATTER comes before the Court on Defendant Plaintiff Thomas Herndon's Motion Seeking Relief from Judgment filed September 4, 2014 (*Doc. 27*), and fully briefed on October 24, 2014 (*Doc. 31*). Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties have consented to have me serve as the presiding judge and conduct all proceedings, including trial and final judgment. *Doc. 15*. Having read the submissions of the parties and reviewed the relevant law, the Court finds that the motion adds nothing not previously considered, and the Court will deny the motion.

### Discussion

Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 59(e) (motion to alter judgment) and Rule 60(b)(6) (relief from judgment). Relief under Rule 59(e) should be granted only "to correct manifest errors of law or to present newly discovered evidence." *DePineda v. Clements*, No. 12-CV-02066-LTB, 2012 WL 3609357, at *1 (D. Colo. Aug. 22, 2012) (unpublished) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotation marks omitted). Grounds that warrant a

motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.  Relief under Rule 60(b) is warranted only in "exceptional circumstances." [1]  *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).   A motion to reconsider pursuant to these Rules is not an appropriate vehicle to "revisit issues already addressed or to advance arguments that could have been raised previously."  *DePineda*,  2012 WL 3609357, at *1 (citing *Servants of Paraclete*,  204 F.3d at 1012); *see also Van Skiver,* 952 F.2d at 1243 (10th Cir. 1991).

Defendant removed this case from state court and filed a Motion to Dismiss (*Doc. 11*) based on the interpretation of state statute.  Plaintiff filed a Motion to Certify the issue to the state court (*Doc. 16*).  After full briefing on both motions, the Court found that it was able to "see a reasonably clear and principled course" that allowed it to answer the question without troubling the New Mexico Supreme Court and, therefore, granted Defendant's motion and denied Plaintiff's motion.

Plaintiff now maintains that the Court's own reasoning demonstrates that certification is appropriate because "no New Mexico case has determined whether [COEA] also applies to private employers," *Doc. 27* at 6 (quoting *Doc. 25* at 7), and he

---

[1] The six grounds establishing extraordinary circumstances include:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60

seeks to amend the question for certification. *Doc. 27* at 7. Plaintiff's arguments do not demonstrate an intervening change in the controlling law, new evidence previously unavailable, or clear error. Instead, Plaintiff revisits issues already addressed in the original motion. *See Doc. 16 and 21.* Simply rephrasing the question for certification does not change the Court's judgment, particularly when the argument could have been made in the first instance. The Court will not reconsider its ruling.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion Seeking Relief from Judgment (*Doc. 27*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE